**Einhorn Yaffee Prescott Krouner v. Dressler Corp.**

*Benson Zion,* for plaintiff.
*Stephen A. Durham,* for defendant.

WRIGHT, *J.,* January 21, 1985—On July 5, 1983, plaintiff filed a certified copy of foreign judgment from the County of Albany, State of New York pursuant to the Uniform Enforcement of Foreign Judgment Act, 42 Pa.C.S. §4306. Thereafter, plaintiff initiated discovery proceedings in aid of execution and when defendant failed to appear, filed contempt proceedings. Defendant filed an answer as well as a petition to open and/or strike the judgment.

Defendants contend that the judgment should be stricken because plaintiff failed to comply with section 4306(b) in that plaintiff did not attach docket entries. Defense counsel has correctly noted that Pennsylvania, of all states that enacted the uniform act, is the only jurisdiction to include the phrase "including docket entries incidental thereto".

There is no question plaintiff has not complied with the statutory requirement. Plaintiff contends that the New York practice is such that compliance is not possible. Plaintiff states that "there is no general pre-judgment filing requirement in New York state civil practice. McKinney's Forms CPLR, Section 12:10." Page two of plaintiff's supplemental brief.

We accept the statement that the New York civil practice is unlike Pennsylvania but we must assume that the Pennsylvania legislature recognized that in enacting the uniform act with their local variation knew that compliance with the statutory requirement may be impossible for certain foreign judgments. Notwithstanding the able explanation

of New York law provided by plaintiff's counsel, we believe that compliance is possible. Rule 9702 provides:

"The clerks of the other court shall keep:

(1) a "Judgment-book" in which shall be recorded all judgments entered in their office;

(2) a book, properly indexed, in which shall be entered the title of all civil judicial proceedings, with proper entries under each denoting "the papers filed and the Orders made and the steps taken therein, with the dates of the filing of the several papers in the proceeding; . . ." N.Y. CPLR

We take judicial notice of Rule 9702 of the New York Civil Practice Law and Rules, having given prior notice to both parties to research the effect of the rule, as we are permitted by 42 Pa.C.S. §5327.

Thus, there can be compliance with our statute. Even if compliance is not possible, plaintiff may file a civil action. Forehand v. Centennial Foods of Va., Inc., 8 D.&C. 3d 794 (1978).

Our appellate practice is such that a copy of docket entries must be filed with the notice of appeal. Such procedure was instituted for several reasons including insuring that the appellate record included all of the trial papers. As such, the practice insures that procedural and substantive due process rights are protected. The same practice with respect to foreign judgment provides that same due process protection.

There being a valid reason for including the added phrase "including docket entries incidental thereto", we will require compliance.

As to the petition to open, we find that petitioner has failed to establish any of the necessary elements.

Since the judgment must be stricken as void, there can be no contempt. The process issued pursuant to a judgment void ab initio is not lawful.

Thus, by definition there is no contempt process. We therefore enter the following

## ORDER

And now, this January 21, 1985, it is ordered that the judgment shall be stricken and further that the contempt petition is hereby dismissed.